In the Matter of the Claim of SOPHIE KRYSTOFIK, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, April 24, 1954.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran and Wendell P. Brown of counsel), for appellant.*

*Sophie Krystofik,* respondent in person.

*Per Curiam.* Claimant is a sewing machine operator who had been earning about $1.60 an hour including an incentive bonus working on parachutes. Becoming unemployed she applied to the employment service of the Division of Placement and Unemployment Insurance.

She was referred to an employer by the service and was advised that the job would pay 85 cents an hour, plus piecework, which is in the nature of an incentive bonus. When she went to see the prospective employer she was offered 80 cents an hour instead of 85 cents, as the basic wage. She refused this offer.

The local office of the Division of Placement and Unemployment Insurance made an initial determination of disqualification because of this refusal; and on review the referee sustained the determination. He held that the rate offered to claimant "though different from the rate stated by the employment office, was still within prevailing rates for her occupation in the area ".

This determination has been modified by the Unemployment Insurance Appeal Board by reversing that part of it based on the refusal to accept the employment offered at 80 cents an hour on the ground that claimant was entitled to rely on the information about the wage furnished by the employment service and not be required to accept or reject at her peril an offer substantially lower than the amount offered in the referral.

The differential between the offer and the referral figure seems to us not substantial, but whether it is or not, the statutory test for disqualification for benefits is something different and depends on whether the refusal is of an offer " substantially less favorable " in respect of wages, hours or conditions, than those prevailing in the locality. [Unemployment Insurance Law] (Labor Law, § 593, subd. 2, par. [d].) It is not disputed that 80 cents an hour, as well as 85 cents, was within the prevailing rate for this work in the locality.

If offers are made by employers to applicants referred to them by the employment service differing from the amount stated in the referral, the service and the commissioner have adequate administrative power to act fairly, prevent abuse, and protect applicants; but an offer coming within the prevailing rate has a statutory effect which we feel bound to follow.

The determination of the Unemployment Insurance Appeal Board insofar as appealed from should be reversed and the decision of the referee affirming the initial determination of disqualification should be reinstated, without costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Determination of the Unemployment Insurance Appeal Board insofar as appealed from reversed and the decision of the referee affirming the initial determination of disqualification reinstated, without costs.