Louise E. Troutt, Appellant,

*v.*

Carl K. Wilson Company et al., Appellees.

410 S.W. 2d 177.

(*Jackson,* April Term, 1966.)

Opinion filed December 20, 1966.

THOMÁS F. TURLEY, JR., Memphis, for appellant.

W. L. MOORE and W. D. DODSON, Nashville, for appellee.

MR. JUSTICE CREASON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Shelby County, Tennessee.

On March 17, 1965, the appellant filed a claim for unemployment compensation. The claim was approved, originally, by the Department of Employment Security. That decision was affirmed by the Appeals Referee. The case was then appealed to the Board of Review, which reversed the Appeals Referee and the Department of Employment Security. The Board concluded that the

employee was guilty of simple misconduct within the meaning of T.C.A. sec. 50-1324, subd. B. (2). The employee then filed a petition for certiorari in the Chancery Court of Shelby County, Tennessee, necessarily limited in scope of review to that fixed in T.C.A. sec. 50-1325, subd. I.

The Chancery Court affirmed the decision of the Board of Review and appeal has been perfected to this Court. In this Court, the following assignments of error are filed on behalf of the appellant:

"1. Under the authorities cited under 'Point One' of appellant's 'Brief' (see pages 6, et seq, hereinafter) the Chancellor erred in confusing the Board of Review's *findings* and *conclusions.*

2. As explained in detail under 'Point Three', (see pages 20, et seq, hereinafter) the Board of Review found no facts which suggest that appellant was guilty of an offense which, under the authorities cited under 'Point Two', see pages 9, et seq, hereinafter, justify depriving her of benefit under the Unemployment Compensation Act and the Chancellor erred in upholding the Board of Review's *conclusions* to the contrary."

In support of these assignments of error, the appellant argues three points. They are as follows:

"POINT ONE: This Court is not bound by the *conclusions* reached by the Board of Review and affirmed by the Chancellor. In this as in other proceedings wherein review is limited to questions of law if there is any material evidence to support the findings of fact, the law makes a sharp and significant distinction

between *findings of fact* and *conclusions* and includes under the latter mixed questions of law and fact and it is important to keep that distinction clearly in mind even in a case where, as in this, the conclusion reached by the inferior tribunal is not even supported by the facts as it found them.

POINT TWO: Though there appear to be no reported decisions in Tennessee saying specifically what constitutes ' * * * misconduct connected with his work', as used in 50 T.C.A. 1324, which would justify denying benefits under the Unemployment Compensation Act to an employee otherwise qualified, this Court has said, as quoted above, that this is a *'sort of uniform law'; * that " 'DISQUALIFICATION FROM BENEFITS OF THE STATUTE ARE EXCEPTIONS AND SHOULD BE NARROWLY CONSTRUED' " and that it will not 'approve an administrative construction which denies compensation to an employed worker unless the plain language of the statute clearly excludes him from its benefits,' and the appellate courts of our sister states have consistently held that the term 'misconduct connected with his work', within the meaning of the provisions of the Unemployment Compensation Acts excluding from benefits an employee guilty thereof, means not merely misconduct justifying discharge but something sinister and serious, something evidencing on the part of the employee wrongful intent and evil design, not 'SIMPLE MISCONDUCT', which is all of which the Board of Review concluded appellant was guilty. POINT THREE: The Board of Review found *no facts* which so much as suggest that appellant was guilty of such substantial and intentional disregard of her employer's interests, or of

her duty to her employer as would justify her being denied benefits under the Unemployment Compensation Act and the authorities cited and referred to above (pages 9, et seq). Indeed, even the *conclusion* of the Board of Review that appellant was, at most, guilty of 'SIMPLE MISCONDUCT' does not justify the result reached by the Board of Review."

To put the instant case in proper focus, it is first desirable to quote the two subsections of T.C.A. sec. 50-1324, subd. B., the construction of which controls the disposition of this case. They are as follows:

"B. (1) By prohibiting the department from making a determination of benefit rights based on wages which have been paid to him prior to the time of his discharge, if the commissioner finds that his discharge has been for reasons which, in the determination of the commissioner, constitute gross misconduct in connection with his work.

(2) If the commissioner finds that an individual has been discharged for misconduct connected with his work (other than the gross misconduct mentioned in subsection (1) of this section), he shall be disqualified for the duration of the ensuing period of unemployment and until he has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and earned thereby five (5) times his weekly benefit amount."

■■ At the threshold, it must be noted that under the above code section Tennessee, unlike many other state, differentiates simple misconduct and gross mis-

conduct. The penalties for "simple misconduct" and "gross misconduct" are substantially different in degree. It occurs to us that to fail to recognize and apply this distinction is to ignore the declared intent of the Legislature. It seems obvious that "gross misconduct" provided for in T.C.A. sec. 50-1324, subd. B. (1) was meant to exclude the employee from any award of unemployment compensation benefits for willful or wanton misconduct. The latter is legally synonymous with "gross". Cf. *Stagner v. Craig* (1929) 159 Tenn. 511, 19 S.W.2d 234. In B.(2) the Legislature was manifestly intending to partly exclude an employee from unemployment benefits for misconduct other and lesser than gross misconduct.

█ With this construction and application of the code section previously quoted, we are brought to the question of whether or not the findings of the Board of Review and Chancellor were supported by material evidence reflecting that the claimant, Mrs. Troutt, had, in fact, been guilty of simple misconduct. The evidence of a Mr. Davis, the Department Manager under whom she worked, contained the following:

"I don't know if Mrs. Troutt was overzealous, or what her problem was. We do not work on commission in this dept. and my main concern was that the customer was pleased. She would approach a customer and if she didn't finish up with the customer she got mad about it. She also got mad if someone else rang up more sales than she did. She would interrupt the other sales people if she had started with a customer. This just made for very very poor morale. She disliked extremely my asst. mgr. but whether Mrs. Ringo disliked her is neither here nor there, it had nothing to do with my decision to let her go. She had been warned

by me twice that she must not do these things and she would straighten up for awhile and then back again at it. As far as having letters on file in the personnel dept. I don't know about it, however, it is possibly true."

This testimony is supported by the testimony of Mrs. Katherine F. Rembold and the testimony of a Mrs. Ringold. Both of these witnesses worked daily with the claimant, in a supervisory capacity. The evidence is that claimant repeatedly refused to carry out instructions of the Department Manager and Supervisors, to the harassment and discomfiture of other sales personnel and customers.

The outside authorities relied upon by the appellant are of little assistance to the Court. Most of the decisional law involves statutes that do not differentiate between gross and simple misconduct, as our statute does. Those state statutes similar in dual concept of misconduct to that of Tennessee have not been construed by the appellate courts of such states. After considerable effort, this Court has been unable to find any direct authority defining what constitutes simple misconduct under a statute similar to ours. Since the Tennessee statute is lacking in definition, it will be the task of this Court to determine, case by case, what falls within the phrase "gross misconduct" on the one hand, and what constitutes misconduct "other than the gross misconduct mentioned in subsection (1) of this, section" on the other.

We have no hesitancy at all in reaching the conclusion that, on this record, the complainant has justly been found guilty of other, or simple misconduct.

It follows that the judgment of the trial court is affirmed, with costs of this appeal assessed against the appellant.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.