**J. D. WALLACE, Commissioner of Tennessee Department of Employment Security and Tennessee Tufting Company, Appellants,**

v.

**Shirley J. STEWART, Appellee.**

Supreme Court of Tennessee.

Dec. 12, 1977.

Sam McAllester, E. Lee Allen, Seymour Samuels, Nashville, for appellants.

Russell J. Overby, Legal Services of Nashville, Nashville, for appellee.

OPINION

FONES, Justice.

This is a direct appeal by the Commissioner of Employment Security from a decree of the Chancery Court awarding benefits to claimant, Shirley J. Stewart, former employee of Tennessee Tufting Company.

Claimant was discharged for excessive absenteeism after four warnings. Her claim for benefits was denied at all three administrative levels.

The learned Chancellor held that since the material facts were not in dispute the limited scope of review provided in T.C.A. 50–1325 I. was not applicable and it was the duty of the Court to apply the law to the undisputed facts. Noting that this Court held in *Troutt v. Carl K. Wilson Co.*, 219 Tenn. 400, 410 S.W.2d 177 (1966), that misconduct within the meaning of T.C.A. 50–1324 B. (2) must be determined on a case by case basis, there being no statutory definition, he concluded that the absenteeism in this case did not constitute misconduct.

Exhibits 8 and 9 of the employer's proof lists 95 working days within the period from September 14, 1973, to April 23, 1976, on which claimant was absent from work or arrived late. For each date a reason for the absence or late arrival is stated. Claimant did not dispute the accuracy of any entry on the exhibits.

We summarize the entries as follows:

Claimant was absent because of the illness of one or more of her five children, or herself, 32 days and reported late for work on 10 additional days. The extent of tardiness on account of sickness ranged from one and one-half hours to five hours.

For reasons other than illness, claimant was absent 13 days and reported late for work on 40 additional days, the excuses being traffic, no ride, car trouble, flat tire, no baby sitter, business, and the like. On 17 days she was late for work less than one hour, but on 23 days her tardiness ranged from one hour to five and one-half hours.

Four additional exhibits record warnings given to claimant that her excessive absenteeism must be improved. The fourth warning, given on March 3, 1976, informed her that the company's disciplinary rules required her discharge if she did not correct her absenteeism.

The Commissioner contends that the trial Court, in exonerating claimant, applied a dictionary definition and insists that there is a point at which absenteeism equates with an intentional disregard of an employer's interest, and becomes misconduct.

Complainant asserts that absences due to family illness and emergencies do not constitute misconduct if notice is given.

As the Chancellor noted in his memorandum opinion, the employer recognized that claimant and her children had medical problems and that she was not "at fault" with respect to absences because of illness.

Nevertheless, the employer's problem with this claimant's absenteeism was expressed by its personnel manager as follows:

". . . Its just that you can only go— even with those kind of problems, there's only so far that a company can go with the employee before their record begins to affect other employees and other people begin to want to be out for—and they feel their reasons are just as good as Shirley's and there is a point when the employee is no value to you if you can't depend on them anymore and that's about what happened to Shirley. We don't doubt her illness, her problems with her children  . .  .."

* * * * * *

"It's just that there is a point where we reach when you've warned and warned so long that you have to do what you've said you're going to do or other employees will doubt you and won't make any attempt to come to work."

The question of whether absenteeism constitutes "misconduct connected with his work" had not been addressed by this Court.

T.C.A. § 50–1324 B. (2) reads, in relevant part, as follows:

"If the commissioner finds an individual has been discharged for misconduct connected with his work (other than the gross misconduct mentioned in subsection (1) of this section), he shall be disqualified for the duration of the ensuing period of unemployment and until he has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and earned thereby five (5) times his weekly benefit amount."

In our opinion, excessive absenteeism may be the basis of a finding of misconduct by the commissioner. What constitutes absenteeism must be left to be determined case by case, at least until the Legislative provides a definition of misconduct.

No aspect of contract of employment is more basic than the right of the employer to expect employees will appear for work on the day and at the hour agreed upon. Persistent failure to honor that obligation evinces a substantial disregard for the employer's interest and may justify a finding of misconduct connected with the employment.

Ample authority may be found in other jurisdictions to the effect that persistent or chronic absenteeism without notice or excuse in the face of warnings from the employer constitutes such misconduct as requires a denial of unemployment compensation. See *Broadway & Fourth Ave. Realty Co. v. Crabtree,* 365 S.W.2d 313 (Ky.1963); *Krawczyk v. Unemployment Compensation Board of Review,* 175 Pa.Super. 361, 104 A.2d 338 (1963); *Chapman v. Division of Unemployment Security,* 104 So.2d 201 (La. App.1958).

The degree of disregard for the employer's interest shown by absenteeism that will equate with misconduct, may involve many factors and the weight and significance to be assigned them defies precise delineation.

We believe the Legislature intended to vest discretion in the Commissioner to make that decision, upon the facts in each case, and by T.C.A. § 50–1325 I. it has limited the scope of review by the Courts to a determination of whether "there be any evidence to support the same   .   .   .."

■ We have no hesitancy in reaching the conclusion that claimant's absenteeism and tardiness, for reasons other than sickness, was sufficient to support a finding by the Commissioner of misconduct in the face of the warnings given, and all of the circumstances of this case.

Reversed and dismissed.   Costs are adjudged against appellee, Shirley J. Stewart.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.