**Daisy JACKSON, Plaintiff-Appellant,**

v.

**Robert J. BIBLE, Commissioner of the Department of Employment Security, and Tipton County Memorial Hospital, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section.

Oct. 27, 1980.

Permission to Appeal Denied by Supreme Court Jan. 26, 1981.

Memphis Area Legal Services, Inc. by Thad M. Guyer, Memphis, for plaintiff-appellant.

Henry E. Hildebrand, III, Asst. Atty. Gen. (William M. Leech, Jr., Atty. Gen., of counsel), for defendants-appellees.

MATHERNE, Judge.

The plaintiff seeks court review of a holding by the board of review of the department of employment security which denied her unemployment benefits because she was discharged by her employer, Tipton County Memorial Hospital, due to her gross misconduct in connection with her work. The chancellor affirmed the board of review and the plaintiff appeals to this court under the following Statement of Issues:

1. Is the record devoid of substantial evidence to show the employer met its burden of proving the employee's misconduct by a preponderance of the evidence?

2. Was the petitioner denied due process of law under the Fourteenth Amendment by the failure of the administrative agency to employ a "clear and convincing" evidentiary standard in determining her guilt of the alleged thievery?

3. Is the "gross misconduct" provision of the Employment Security Act, being exclusively penal in nature and intent, void under the due process clause of the Fourteenth Amendment given the unavailability of criminal procedural safeguards in administrative hearings conducted by the Department of Employment Security?

4. Are the Tennessee Employment Security Law's misconduct and gross misconduct provisions unconstitutionally vague for failure to define said terms so as to give affected employees notice of the proscribed activity?

The board of review made the following written findings and holdings:

Based upon the entire record in this cause, the Board of Review makes the following,

FINDINGS OF FACT: The claimant was discharged from her most recent employment on July 28, 1978. The claimant was employed as a housekeeper and was first employed on November 1, 1978. The record indicates that the employing unit had been plagued with thefts, and that on several occasions, money was missing from the purses of women employees. The employer had called in the police on several occasions and subsequent to each such investigation, there would be no thefts for a period of several weeks. The thefts would then resume. Sometime prior to the claimant's separation, a suggestion was made by the police department that money be planted in a purse and that this money be treated with a fluorescent substance which would be detectable under ultra-violet light. This suggestion was followed, and the purse containing the marked money was placed in the carrier where the nurses and other persons normally kept their belongings. This purse was checked after lunchtime and money was found to be missing. Subsequently, each person on the premises was called in to a darkened room and their hands and person examined under ultra-violet light. None of the personnel

showed evidence of the fluorescent material except the claimant, whose hands showed a discoloration. The claimant was again called to the examination room sometime later and her hands still showed evidence of the fluorescent material. The claimant was subsequently discharged. Counsel for the claimant contends that the examination was incomplete since no patients or visitors were checked, and further contends that the claimant may have touched some object which had been handled by the actual thief. The claimant has denied taking the money.

COMMENT: After considering the entire record, the Board of Review finds that the record will support a disqualification in this case. The investigation was suggested and carried out by members of the police department who were familiar with such proceedings. While the claimant has denied the allegations of the employer, we find it significant that of all persons checked, only the claimant showed evidence of the fluorescent material on her person. We find that the record will support a finding that the claimant was discharged from her most recent employment under disqualifying circumstances, as contemplated by TCA 50–1324B(1).

DECISION: The decision of the Appeals, Tribunal, which approved this claim, is vacated and set aside. The claim is denied as of the date of filing under TCA 50–1324B(1). A non-charge is awarded to the account of the separating employer.

The statute, T.C.A. § 50–1324B(1), referred to by the board provides:

B. (1) By prohibiting the department from making a determination of benefit rights based on wages which have been paid to him prior to the time of his discharge, if the commissioner finds that his discharge has been· for reasons which, in the determination of the commissioner, constitute gross misconduct in connection with his work.

■ If the finding of the board of review is supported by any evidence, judicial review is limited to questions of law. T.C.A. § 50–1325(I); *Cawthron v. Scott* (1966) 217 Tenn. 668, 400 S.W.2d 240.

■ We hold that there is ample evidence upon which the board based its finding that the plaintiff wrongfully took the marked money from the purse. This evidence is summarized in the findings of the board and need not be further copied or referred to. The plaintiff argues that various alternative conclusions might be reached based upon the evidence; however, if that be true, such findings rest with the board as the finder of the facts. The board found against the plaintiff, and under the rules limiting judicial review as above set out we affirm the board's finding.

■ The plaintiff, also, argues that she was denied the rights guaranteed her under the due process clause of the Fourteenth Amendment wherein the board did not invoke the "clear and convincing" standard of proof to establish gross misconduct on her part. By this attack the plaintiff attempts to convert this civil proceeding into one of a criminal nature. However, we are not dealing with an indictment or a presentment charging the commission of a crime with the attendant possibilities of punishment. Here, the plaintiff was discharged from her employment under circumstances which rendered her ineligible for the benefits otherwise available under the statute. She has been afforded full administrative hearings, and the facts are found against her. There being material evidence to support those findings, the plaintiff will not be heard to claim a deprivation of constitutional rights by requesting a standard of proof not designed for this type of proceeding. See: *Aluminum Company of America v. Walker* (1960) 207 Tenn. 417, 340 S.W.2d 898; *Bailey v. Tennessee Dept. of Employment Security* (1963) 212 Tenn. 422, 370 S.W.2d 492; *Duke v. Scott* (1965) 216 Tenn. 391, 392 S.W.2d 809.

■ Finally, the plaintiff contends that T.C.A. § 50–1324(B)(1) is unconstitutionally vague because the term "gross misconduct" is not defined or specifically set out. The

courts must decide, case by case, what constitutes "gross misconduct" and "simple misconduct" under the statute. *Troutt v. Carl K. Wilson Co.* (1966), 219 Tenn. 400, 410 S.W.2d 177, cert. den., 389 U.S. 13, 88 S.Ct. 116, 19 L.Ed.2d 11; *Wallace v. Stewart* (Tenn.1977) 559 S.W.2d 647.

 Basically, a non-criminal statute is not unconstitutionally vague when the statute is set out in terms so that the ordinary person exercising ordinary common sense can sufficiently understand and comply with it. See *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). It can hardly be argued that any employee would not understand that if, while carrying out his duties, he pilfered the purses of fellow employees, he could be found guilty of gross misconduct under the statute.

All assignments of error are overruled, and the judgment of the trial court is affirmed. The cost in this court is adjudged against the appellant for which execution may issue, if necessary.

NEARN and SUMMERS, JJ., concur.