831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles U. OKONKWO, Plaintiff-Appellant,
v.
TENNESSEE EASTMAN COMPANY, Defendant-Appellee.
 No. 86-5678
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before MERRITT, WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a Title VII action in which Plaintiff Okonkwo claimed discrimination in the termination of his employment with Defendant Tennessee Eastman Company. The district court held a one day trial that focused on the issue of pretext. (Applying the doctrine of collateral estoppel, the district court decided that Mr. Okonkwo's job performance would have to be deemed to have been poor because a state administrative agency had already made that determination in a decision reviewed by a state court of record.) The district court held for the defendants, and plaintiff appeals on the ground that the district court erred in giving preclusive effect to the factual finding made in the state proceeding. We shall affirm the judgment of the district court.
 
 
 2
 * Mr. Okonkwo, a black chemical engineer of Nigerian ancestry, was hired by Tennessee Eastman Company in June of 1982. In September of 1983, according to his proposed findings of fact, Mr. Okonkwo 'was given the option of resigning or being released, and his personal belongings were removed from his desk by the Defendant's employees.' Mr. Okonkwo apparently chose resignation.
 
 
 3
 About a week later Mr. Okonkwo applied to the Tennessee Department of Employment Security for unemployment benefits, claiming that he had quit his job because Tennessee Eastman was discriminating against him. The claim for unemployment benefits was denied, the agency apparently finding that Mr. Okonkwo quit without good cause. Mr. Okonkwo appealed to the agency's Appeals Tribunal. The Tribunal held a hearing at which Mr. Okonkwo gave testimony regarding the alleged discrimination. The Tribunal ruled in favor of Mr. Okonkwo, holding that the contretemps was caused by
 
 
 4
 'a clear personality clash between claimant and his engineering group supervisor, caused by the prejudicial attitudes, opinions and behavior of that group supervisor and claimant's final immediate supervisor for advanced engineering technology. The claimant clearly was not discharged for behavior constituting misconduct connected with his work within the meaning of TCA Sec. 50-7-303(2)(B) . . ..'
 
 
 5
 Tennessee Eastman sought review of this decision by the agency's Board of Review, requesting an evidentiary hearing so that it could produce additional evidence of Mr. Okonkwo's alleged 'disruptive conduct' and failure to follow directions of superiors. The Board of Review held such a hearing and found that Mr. Okonkwo's work performance had deteriorated during his tenure with Tennessee Eastman. The Board of Review discussed the evidence presented by both sides and came to the following conclusion:
 
 
 6
 'After considering the entire record in this case, the Board of Review finds that the record will support a finding that the claimant was discharged from his most recent employment under disqualifying circumstances as contemplated by TCA 50-7-303(2)(B). In rendering this decision, the Board of Review has carefully considered the documentary evidence entered into the record, and the extensive testimony of witnesses. We find that the record will not support the claimant's contention that he was the victim of discrimination because of his race or national origin. In our opinion, the record will support a finding that the claimant refused to discuss his deficiencies as enumerated by the employer, or, in some cases, to even acknowledge that these deficiencies existed. The claimant exhibited an argumentative attitude toward the employer's criticisms of his job performance, and, in our opinion, the claimant's written rebuttal to many of these performance evaluations indicates that he was uncooperative in improving his performance in the needed areas. In our opinion, the claimant's actions amount to simple work-connected misconduct as contemplated by the statute. The decision of the Appeals Tribunal is vacated and set aside.'
 
 
 7
 After the Board of Review rejected a motion to rehear the case, Mr. Okonkwo sought judicial review of the decision by filing a petition for certiorari in the Chancery Court for Hawkins County. That court issued its decision on November 26, 1984, holding that
 
 
 8
 '[i]f there is any evidence in the record to support the findings of fact (and the inferences drawn therefrom) of the Board of the [sic] Review, such findings of fact are binding on this Court. T.C.A. 50-7-304(i).
 
 
 9
 'Basically, the Board of Review found that:
 
 
 10
 (1) Petitioner's job performance was unsatisfactory; and
 
 
 11
 (2) Petitioner refused to discuss his job performance with his employer and was uncooperative regarding employer's attempts to critique and improve his job performance.
 
 
 12
 'It is irrelevant that the Appeals Tribunal reached a different conclusion from the same evidence. It is also irrelevant that this Court may have reached a conclusion different from the Board of Review. There is evidence in the record that supports the findings of the Board of Review as paraphrased above. Thus, such findings are binding on this Court.
 
 
 13
 'The issue then becomes, were the actions of the Petitioner 'simple misconduct' as contemplated by T.C.A. Sec. 50-7-303(B)? Generally, mere 'unsatisfactory work' would not be such misconduct as to preclude an award of unemployment benefits. Further, just what constitutes 'simple misconduct' must necessarily be decided on a case-by-case basis (Troutt v. Wilson, 410 S.W.2d 177). Here, however, there is more than just 'unsatisfactory job performance'; there is evidence (as found by the Board of Review) that Petitioner refused to cooperate with his employer to improve his job performance. In the opinion of this Court, Petitioner's uncooperative attitude, as opposed to his poor job performance, constitutes simple misconduct. Therefore, the decision of the Board of Review is affirmed.'
 
 
 14
 Mr. Okonkwo, who was not represented by counsel at any point during the state proceedings, did not appeal the decision of the Chancery Court.
 
 
 15
 Mr. Okonkwo next filed a pro se complaint in federal district court. He obtained counsel thereafter, and an amended complaint was filed alleging violations of Title VII and other civil rights statutes.
 
 
 16
 The case was tried before District Judge Thomas Hull, who ruled at the beginning of trial that Mr. Okonkwo was collaterally estopped from relitigating the issue of his work performance having been unsatisfactory. As stated by Judge Hull from the bench, the work performance issue could not be relitigated because
 
 
 17
 '[t]hat's what was ruled on before and by the Employment Security Agency, and was affirmed by the Chancery Court, which is the Court of record here in the State of Tennessee, and I'm saying that the Court here in this case is going to follow that ruling on those issues, and we won't get into those except that you'll be bound by what that ruling was in those particular areas. [T]his is a race discrimination case, and if you can prove he was discharged because of his race, and without that he would not have been discharged, then you win.'
 
 
 18
 Mr. Okonkwo was thus limited to demonstrating that his poor work performance was a mere pretext for the discharge, and that the real reason was impermissible discrimination. The parties then presented evidence on the issue of pretext. Sitting as a trier of fact, the district court entered judgment in favor of Tennessee Eastman.
 
 II
 
 19
 Although the language of the Board of Review decision stating that there was no discrimination may well have been sufficient to bar M. Okonkwo's entire lawsuit, we need not reach that question because the district court's narrower ruling on issue preclusion was correct in any event. The holding of the United States Supreme Court in Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982), makes this quite clear. There the United States Equal Employment Opportunity Commission had referred a claim of employment discrimination to the New York Human Rights Division. That agency had found there was no probable cause to believe that the employer had engaged in discrimination, 'explicitly bas[ing] its determination on the findings that Kremer was not rehired because one employee who was rehired had greater seniority, that another employee who was rehired filled a lesser position than that previously held by Kremer, and that neither Kremer's creed nor age was a factor considered in Chemico's failure to rehire him.' Id. at 464. Mr. Kremer had then filed a petition with the Appellate Division of the New York Supreme Court to set aside the agency's determination. The Appellate Division had affirmed the agency's order, and Mr. Kremer had not appealed. Id.
 
 
 20
 After following the appropriate procedure in the EEOC, Mr. Kremer brought his Title VII action in federal district court. The district court dismissed the complaint on res judicata grounds, and the Court of Appeals for the Second Circuit affirmed. The United States Supreme Court held that:
 
 
 21
 'In our system of jurisprudence the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum. * * * Because there is no 'affirmative showing' of a 'clear and manifest' legislative purpose in Title VII to deny res judicata or collateral estoppel effect to a state court judgment affirming that a claim of employment discrimination is unproved, and because the procedures provided in New York for the determination of such claims offer a full and fair opportunity to litigate the merits, the judgment of the Court of Appeals is affirmed.'
 
 
 22
 Id. at 485 (footnote omitted).
 
 
 23
 University of Tennessee v. Elliott, 478 U.S. ----, 92 L.Ed.2d 635 (1986), is distinguishable because the state administrative determination involved in that case had not been reviewed in a state court of record. Nor does the fact that the Tennessee Chancery Court provided less than a de novo review of the evidence help Mr. Okonkwo here. The Chancery Court was looking for 'any evidence in the record to support the findings of fact (and the inferences drawn therefrom) of the Board of . . . Review . . ..' (see also T.C.A. Sec. 50-7-304(i)(2)), but the Chancery Court's review was no narrower than that provided by the New York court in Kremer. '[J]udicial review in the Appellate Division is available to assure that a claimant is not denied any of the procedural rights to which he was entitled and that the [agency's] determination was not arbitrary and capricious.' Kremer, 456 U.S. at 484 (citing NY Civ. Prac. Law Sec. 7803). See generally Kremer, 456 U.S. at 479-85.
 
 
 24
 The judgment of the district court is AFFIRMED.