# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MARCH 16, 2005 Session

## LAWUAN STANFORD v. THE COMMISSIONER OF THE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT AND ALTAMA FOOTWEAR

### Direct Appeal from the Chancery Court for Henderson County
#### No. 17548     James F. Butler, Chancellor

_____

### No. W2004-02373-COA-R3-CV - Filed August 2, 2005

_____

This appeal arises out of a claim filed by the appellant for unemployment benefits after her termination from her employment.  The Tennessee Department of Labor and Workforce Development denied the appellant's claim for unemployment benefits.  The appellant filed an appeal to the Appeals Tribunal of the Department, and, after a hearing, the Appeals Tribunal denied the appellant's claim for unemployment benefits.  Subsequently, the appellant filed an appeal to the Board of Review, which also denied her claim for unemployment benefits and affirmed the Appeals Tribunal.  After the Board denied the appellant's petition to rehear, the appellant sought review by the chancery court.  After reviewing the record, the chancery court denied the appellant's claim for unemployment benefits and affirmed the Board of Review.  The appellant now seeks review by this Court.  We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Beth Stricklin Bates, Jackson, TN, for Appellant

Paul G. Summers, Attorney General and Reporter, Warren A. Jasper, Assistant Attorney General, Nashville, TN, for Appellee, Commissioner James G. Neeley

Charles M. Purcell, MaryGlenn Rutland, Jackson, TN, for Appellee, Altama Footwear

# OPINION

## Facts and Procedural History

Lawuan Stanford ("Stanford" or "Appellant") formerly worked for Altama Footwear ("Altama") as a production worker and cementer from August 23, 2001, until May 12, 2003. On occasion, Stanford suffers from attacks as a result of her diabetes. Altama had a policy that "[a]ny employee who is absent from work *without notification* will be given a day's suspension without pay for the first occurarence [sic] and will be dismissed on a second occurrence of this nature." (emphasis added). Though Altama did not have an employee handbook stating this policy, Stanford knew of the policy and signed a form stating this policy on her first day at work with Altama. Additionally, the policy was posted at work.

On January 15, 2003, Stanford did not come to work. The next day, Altama issued her a warning stating that Altama does not honor voicemail messages and that Stanford must call her supervisor in person when she is going to be absent. For reasons not stated in the record, Altama gave all of its employees a "clean slate" in terms of absences in March 2003. On April 30, 2003, Stanford again missed work and did not contact Altama to inform the company of her absence. She suffered from low blood sugar and was taken to see a physician on that day, though she was not hospitalized. . On May 2, 2003, another warning was issued to Stanford stating that, pursuant to company policy, she must call her supervisor when she is unable to come in to work. Finally, on May 10, 2003, Stanford called and left a voicemail at Altama stating that she would be late for work. Stanford did not report for work at any point on that day and did not call back to report that she was not coming in to work that day. As a result, Altama terminated Stanford's employment on May 12, 2003, for failing to report her absence to her supervisor on two occasions in accordance with Altama's policy.

On May 13, 2003, Stanford filed a claim for unemployment benefits with the Tennessee Department of Labor and Workforce Development ("Department" or, collectively with Altama, the "Appellees"). On May 29, 2003, the Department denied Stanford's claim pursuant to section 50-7-303 of the Tennessee Code, characterizing her failure of reporting her absences to her supervisor "work-related misconduct." Stanford filed an appeal with the Appeals Tribunal of the Department on June 5, 2003, seeking review of the Department's denial of her claim for unemployment benefits. After a telephonic hearing and examining all the evidence, the Appeals Tribunal issued the following findings of fact and conclusions of law on June 25, 2003:

> FINDINGS OF FACT: Claimant's most recent employment prior to filing this claim was as a production worker from August 20, 2001,[1] to May 12, 2003. The employer's policy is after two (2) incidents of not reporting in, the employee will be

---

[1] Although the Appeals Tribunal states that Stanford commenced her employment with Altama on August 20, 2001, every other reference in the record states that Stanford began her employment with Altama on August 23, 2001.

terminated. This policy is posted at strategic places through out [sic] the workplace. On April 30, 2003, claimant had someone take her to the doctor due to low blood sugar. She nor the person with her called her employer to say she would not be in. On May 10, 2003, claimant called in to report she would be late. She never came to work that day. The employer discharged her on May 12, 2003, for failure to report in.

CONCLUSIONS OF LAW: The Appeals Tribunal holds the claimant is not eligible for benefits. The issue is whether claimant quit work without good cause or was discharged for misconduct under TCA § 50-7-303(a)(1)(2). Persistent failure to be absent from work and not report in shows a substantial disregard for the employer's interests and is disqualifying misconduct. The evidence establishes that the employer discharged the claimant, after adequate warnings, for excessive failure to report in. She is not eligible for benefits.

As a result of this decision, Stanford filed an appeal to the Department's Board of Review ("Board") on June 30, 2003. Upon reviewing the record, the Board adopted the findings of fact of the Appeals Tribunal and affirmed its decision. After the Board denied Stanford's petition to rehear her claim on September 5, 2003, Stanford filed a petition for judicial review by the Chancery Court in Henderson County on September 11, 2003. By an order filed on August 19, 2004, the chancery court affirmed the Board's decision denying Stanford unemployment benefits. Stanford now appeals to this Court and presents the following issues, as we perceive them, for our review:

I.      Whether Appellant's failure to report two of her absences constituted misconduct as a matter of law within the meaning of section 50-7-303(a)(2) of the Tennessee Code; and

II.     Whether there is substantial and material evidence in the record to support the Board of Review's findings of fact and conclusions of law.

For the following reasons, we affirm the judgment of the chancery court.

**Standard of Review**

As this Court has stated previously, "[i]n this type of proceeding, the appellate courts use the same standard of review employed by the trial court." *Sutton v. Traughber*, No. 88-309-II, 1989 Tenn. App. LEXIS 358, at *4 (Tenn. Ct. App. May 12, 1989) (citing *Metro. Gov't of Nashville & Davidson County v. Shacklett*, 554 S.W.2d 601, 604 (Tenn. 1977); *DePriest v. Puett*, 669 S.W.2d 669, 673 (Tenn. Ct. App. 1984)). Section 50-7-304(i)(2) of the Tennessee Code supplies the standard by which a trial court reviews administrative decisions involving unemployment benefit claims:

(2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been

prejudiced because the administrative findings, inferences, conclusions or decisions are:

> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (E) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-7-304(i)(2) (2003). Substantial and material evidence "consists of relevant evidence which a reasonable mind might accept to support a rational conclusion and which furnishes a reasonably sound basis for the action being reviewed." *Armstrong v. Neel*, 725 S.W.2d 953, 955 n.2 (Tenn. Ct. App. 1986) (citing *S. Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984); *Pace v. Garbage Disposal Dist. of Washington County*, 390 S.W.2d 461, 463 (Tenn. Ct. App. 1965)).

We are mindful that no presumption of correctness attaches to the agency's conclusions of law. *Sutton*, 1989 Tenn. App. LEXIS 358, at *4 (citing *Wallace v. Sullivan*, 561 S.W.2d 452, 453 (Tenn. 1978)). We are also aware that unemployment compensation statutes should be construed liberally in favor of the employee and that an employer has the burden of proving the employee's disqualification from unemployment benefits. *Id*. at *5-6 (citing *Weaver v. Wallace*, 565 S.W.2d 867, 869-70 (Tenn. 1978)); *Armstrong*, 725 S.W.2d at 955 (citing *Weaver*, 565 S.W.2d at 869-70).

### Law and Analysis

We begin by examining whether the Board's findings of fact are supported by substantial and material evidence. The Board determined that the Appeals Tribunal correctly found the facts, and, as such, it adopted the Appeals Tribunal's findings of fact as stated above. After our review of the record, we agree that the findings of fact of the Board are supported by substantial and material evidence. It is undisputed that the policy of reporting an absence was posted at the workplace and that Appellant was aware of the policy. Additionally, it is undisputed that Appellant was absent from work on April 30 and May 10, 2003. There are also written disciplinary warnings in the record to support this finding. Further, it is undisputed that Appellant left only a voicemail message on May 10, 2003, stating that she would be late for work. Finally, it is undisputed that Appellant did not go to work on May 10, 2003, nor did she call Altama to inform Altama that she would not be at work at all that day. All of these findings are corroborated by Appellant's testimony at the telephonic hearing before the Appeals Tribunal. Therefore, there is substantial and material evidence to support the findings that Appellant was absent from work on two occasions and failed to inform a person at Altama that she would be absent on those occasions. We now turn to the question of whether this conduct amounts to disqualifying misconduct for purposes of unemployment compensation benefits.

-4-

Appellant argues that her conduct did not amount to "work-related misconduct" disqualifying her from obtaining unemployment benefits. Specifically, Appellant argues that her absences were due to her diabetes and do not amount to disqualifying misconduct. However, the Appellees argue that it was Appellant's failure to report her absences, not the absences themselves, which disqualify her from receiving unemployment compensation benefits. Section 50-7-303 of the Tennessee Code states, in relevant part, as follows:

> (a) Disqualifying Events. A claimant shall be disqualified for benefits:
>
> . . . .
>
> (2) If the administrator finds that a claimant has been discharged from such claimant's most recent work for misconduct connected with such claimant's work, such disqualification shall be for the duration of the ensuing period of unemployment and until such claimant has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and was paid wages thereby ten (10) times such claimant's weekly benefit amount.

Tenn. Code Ann. § 50-7-303(a)(2) (2003). The statute does not define "misconduct," and, therefore, the courts have interpreted its meaning on a case-by-case basis. *Armstrong*, 725 S.W.2d at 955 (citing *Wallace v. Stewart*, 559 S.W.2d 647, 648 (Tenn. 1977); *Troutt v. Carl K. Wilson Co.*, 410 S.W.2d 177, 180 (Tenn. 1966); *Jackson v. Bible*, 611 S.W.2d 588, 590-91 (Tenn. Ct. App. 1980)). This Court has employed the following definition of "misconduct" originally articulated by the Wisconsin Supreme Court:

> Other panels of this Court, heeding the Tennessee Supreme Court's direction to develop the meaning of Tenn. Code Ann. § 50-7-303(a)(2)(B) on a case by case basis, have adopted the misconduct standard contained in *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636 (1941). The Wisconsin Supreme Court held in this case that "misconduct connected with his employment" was limited to:
>
>> conduct evincing such wilful and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertences or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed

"misconduct" within the meaning of the statute. *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941).

*Id*. at 956. With respect to absenteeism and tardiness, the Tennessee Supreme Court has stated the following:

No aspect of contract of employment is more basic than the right of the employer *to expect* employees will appear for work on the day and at the hour agreed upon. Persistent failure to honor that obligation evinces a substantial disregard for the employer's interest and may justify a finding of misconduct connected with the employment.

*Stewart*, 559 S.W.2d at 648 (emphasis added). The court added that "persistent or chronic absenteeism *without notice or excuse* in the face of warnings from the employer constitutes such misconduct as requires a denial of unemployment compensation." *Id*. (citing *Broadway & Fourth Ave. Realty Co. v. Crabtree*, 365 S.W.2d 313 (Ky. 1963); *Krawczyk v. Unemployment Comp. Bd. of Review*, 104 A.2d 338 (Pa. Super. Ct. 1963); *Chapman v. Div. of Unemployment Sec.*, 104 So. 2d 201 (La. Ct. App. 1958)) (emphasis added). Finally, this Court has held that an employee's failure to continue to inform her employer of her absence from work is disqualifying misconduct within the meaning of Tenn. Code Ann. § 50-7-303(a)(2) and an adequate ground for the denial of unemployment compensation benefits. *Sutton*, 1989 Tenn. App. LEXIS 358, at *7-8 (concluding that, with regard to an employee relying on her estranged husband to inform her employer of her continued absence, when the husband eventually stopped calling the employer, this failure by the employee to inform her employer of her continued absence was a ground for denying her unemployment compensation benefits). Therefore, we hold that Altama had a reasonable expectation that Appellant would heed Altama's warnings, follow company policy, and inform an Altama representative in person, rather than by voicemail, of her inability to report to work on the day and at the hour agreed upon. *See Stewart*, 559 S.W.2d at 648; *see also Sutton*, 1989 Tenn. App. LEXIS 358, at *7-8. Such a violation may constitute disqualifying misconduct. Because we conclude that such conduct may constitute disqualifying misconduct for purposes of receiving unemployment compensation benefits and the findings of fact are supported by substantial and material evidence, we hold that the chancery court was correct when it affirmed the decision of the Board of Review.

## Conclusion

For the reasons stated above, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Lawuan Stanford, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE