**M.C. BOND, Petitioner-Appellee,**

**v.**

**Robert J. BIBLE, Commissioner of the Tennessee Department of Employment Security, and Wilhite Truck Stop, Respondents-Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 19, 1984.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 27, 1984.

Pat H. Mann, Jr., Brownsville, for petitioner-appellee.

Harold F. Johnson, Jackson, for respondents-appellants.

NEARN, Presiding Judge, Western Section.

This is an appeal from the Chancery Court of Haywood County, which on a petition for certiorari reversed the denial of unemployment benefits to the appellee M.C. Bond by the Tennessee Department of Employment Security.

The fact findings in this case are at this point undisputed and conclusive. The appellee, a male employee at the appellant's truck stop, had at one time had a relationship with another employee and had loaned her $200.00. The female employee married and had never paid the appellee back. This produced tension on the job and both employees were warned on several occasions to leave their personal problems at home. On the day in question, the appellee was at his work station performing his work when he was approached by the female employee, who was accompanied by her husband. They exchanged words, she attempted to strike him, he blocked the blow and attempted to walk away. The employer came in at this point and discharged both employees.

Our scope of review of the Chancellor's holding is as limited as his was of the Board of Review. We must affirm unless there is no material evidence to support the holding or unless "the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action ..." *Watt v. Civil Service Commission*, (1980 Tenn.) 606 S.W.2d 274 at 277. The Chancellor held that because there were no material facts to support the finding that the appellee's conduct was "misconduct" within the statute, as a matter of law, the Board must be reversed. We agree and therefore affirm.

It is clear from the record that the appellee did not invite the conversation and did what he could when approached by the other employee to avoid the altercation. As stated by the Chancellor, "It was the other employee who brought the personal problems to work in violation of the warnings. She sought out claimant at his work station, and an argument took place, which claimant attempted to walk away from."

We hold that there is no material evidence in the record that sustains a finding that the appellee engaged in misconduct as required by the statute. Therefore, as a matter of law, he cannot be denied unemployment benefits under Tennessee Code Annotated § 50–7–303(2)(B) and the decree of the Chancellor is in all things affirmed.

Costs of appeal are adjudged against the appellee.

Done at Jackson in the two hundred and eighth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.