Jacqueline McCLELLAN,
Plaintiff/Appellant,

v.

Robert J. BIBLE, Commissioner of the
Tennessee Department of Employment
Security, et al., Defendants/Appellees.

Supreme Court of Tennessee,
at Knoxville.

Nov. 4, 1985.

Gary D. Housepian, Knoxville, for plaintiff/appellant.

Dianne Stamey, Asst. Atty. Gen., Nashville, for Tennessee Dept. of Employment Sec.; W.J. Michael Cody, Attorney General & Reporter, of counsel.

James H. London, Knoxville, for Tennessee Steel Processors Co.

OPINION

HARBISON, Justice.

This unemployment compensation claim arose out of an altercation between the plaintiff and another employee on the premises of the employer on May 28, 1982. The claimant alleged that the other employee was the aggressor in the altercation and that she merely took defensive action to protect herself. Fighting was against the company rules.

Her claim was denied throughout the administrative proceedings upon the basis that she had been engaged in fighting contrary to her employer's policy and regulations. She sought review in the Chancery Court which affirmed the administrative decisions.

When plaintiff sought review in the Court of Appeals, that court adopted the findings of fact and conclusions of the Chancellor and affirmed. In the course of the Chancellor's finding, which the appellate court adopted, the following statement is made:

> "The petitioner argues, however, that the other employee started the fight; therefore it was not her fault and she should not be denied benefits for misconduct. Applying the Court's reasoning in *Bailey* id.,[1] and in *Wallace*, id.,[2] this Court cannot inquire into the merits of the separation from employment; thus fault has no bearing on the basic issue presented of whether or not fighting on the job is disqualifying misconduct."

This holding is erroneous and is inconsistent with the decision of the Court of Appeals for the Western Section in *Bond v. Bible*, 675 S.W.2d 185 (Tenn.App.1984), released on April 19, 1984, about four and one-half months prior to the decision of the Eastern Section in the present case.

In that case a claim for unemployment benefits had been dismissed at the administrative level because the employee was en-

---

1. *Bailey v. Tennessee Department of Employment Security*, 212 Tenn. 422, 370 S.W.2d 492 (1963)

2. *Wallace v. Stewart*, 559 S.W.2d 647 (Tenn. 1977).

gaged in an altercation at work. The evidence showed that another employee accosted the claimant and after an exchange of words attempted to strike him. He blocked the blow and attempted to walk away. Both employees were discharged. The Chancellor reversed the dismissal of the claim.

In affirming the judgment of the Chancellor and awarding compensation, the Court of Appeals said:

"It is clear from the record that the appellee did not invite the conversation and did what he could when approached by the other employee to avoid the altercation. As stated by the Chancellor, 'It was the other employee who brought the personal problems to work in violation of the warnings. She sought out claimant at his work station, and an argument took place, which claimant attempted to walk away from.'

"We hold that there is no material evidence in the record that sustains a finding that the appellee engaged in misconduct as required by the statute. Therefore, as a matter of law, he cannot be denied unemployment benefits under Tennessee Code Annotated § 50–7–303(2)(B) and the decree of the Chancellor is in all things affirmed." 675 S.W.2d at 186.

It is apparent that throughout the administrative proceedings and appellate review to this point, an erroneous principle of law has been applied which is inconsistent with the holding in the *Bond* case, *supra.*

There is evidence in the present record which would sustain the claimant's contention that she was not the aggressor and was merely taking defensive action. It may be that contrary inferences can be drawn or that contrary evidence can be adduced. It may be that there was mutual fault by the two employees. Likewise it is clear from the record that the credibility of the claimant is involved. Nevertheless throughout the proceedings it has been deemed by administrative and judicial tribunals reviewing this case that fault is not a consideration in determining whether an employee was guilty of misconduct. This is erroneous, as held in the *Bond* case, in which the administrative tribunals were reversed by the Chancellor and the Court of Appeals for not taking fault into consideration.

The judgment of the Court of Appeals and of the Chancellor are reversed, and this cause will be remanded for a new administrative hearing under which the facts will be determined and an award of benefits will be made or denied in accordance with the principles stated herein and in the *Bond* case, *supra.* All costs accrued to date will be taxed to the Department of Employment Security. All other costs will abide the result of the new hearing.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.