Sherman YATES, Appellant,

v.

Raymond TRAUGHBER, Commissioner of the Department of Employment Security, and Steve Norris, Commissioner of the Tennessee Department of Corrections, Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 28, 1987.

Application for Permission to Appeal Denied Feb. 1, 1988.

Certiorari Denied May 23, 1988.
See 108 S.Ct. 2000.

Wayne Chastain, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Debra K. Inglis, Asst. Atty. Gen., for appellees.

CRAWFORD, Judge.

This is an unemployment compensation case. Petitioner, Sherman Yates, appeals from the order of the trial court dismissing his petition for certiorari and affirming the decision of the Board of Review disallowing his claim for unemployment compensation.

Yates was employed by the Tennessee Department of Corrections as a correctional officer at the West Tennessee Reception Center. By February 16, 1986, he had used up his allowable sick leave and annual leave. On that date, he was involved in an automobile accident and allegedly sustained a back injury. He made a verbal request to the Department of Correction for special leave and in response to his request received a letter from the warden of the West Tennessee Reception Center dated February 26, 1986, which states as follows:

In response to your verbal request for special leave, we are unable to grant the request. Special leave must be requested in writing and be approved, in advance, by the appointing authority. Special leave is discretionary in nature, it is not an absolute right.

You have exhausted both your annual and sick leave, and are currently being carried without. Your leave and attendance record over the past several months has been very poor. You are, therefore, directed to return to duty on Saturday, *March 1, 1986* for your regular shift. If you do not return to work at that time, you will be considered to have resigned, not in good standing. Chapter 1120–2–

6–.3(4) (sic) of Civil Service Rules and Regulations states that "any employee who fails to report for duty to the immediate supervisor or appointing authority within two (2) business days after the expiration of any authorized leave of absence, is considered as having resigned, not in good standing."

Sincerely,

Bruce MacDonald

Warden

(Emphasis supplied).

Yates failed to return to work as the letter directed and his employment terminated. He filed a claim for unemployment compensation benefits and the Department of Employment Security at the agency level denied the claim on the grounds that he was discharged when he failed to report to work as scheduled after an approved leave and this constituted "misconduct connected with his work" pursuant to T.C.A. § 50–7–303(a)(2) (1987 Supp.). Yates duly appealed this decision and a notice of hearing was issued by the Appeals Tribunal to all interested parties, including Yates, specifically designating the issues for the hearing as "separation from work—T.C.A. § 50–7–303(a)(1) & (a)(2)."

The decision of the Appeals Tribunal states in part pertinent to this appeal as follows:

On March 28, 1986, claimant filed an initial claim for unemployment compensation. On June 19, 1986, the Agency found that claimant was discharged under disqualifying conditions. In accordance with TCA § 50–7–303(a)(2)(B), claimant was disqualified from receiving benefits until claimant has earned ten times the weekly benefit amount in covered employment. On June 24, 1986, claimant filed an appeal from the decision of the Agency to the Appeals Tribunal. After due notice to all interested parties, a hearing was conducted on this case at Memphis, Tennessee, on July 17, 1986, at which time the claimant testified. Representing the claimant was C. Dean Maitland, Paralegal. The employer was represented by Jack Salisburg, Personnel Director.

After carefully considering the testimony and the entire record in this case, the Appeals Tribunal makes the following FINDINGS OF FACT: Claimant's most recent employment prior to filing this claim was with the Tennessee Department of Corrections, Memphis, Tennessee, until February 23, 1986. Prior to February 1986, claimant had missed a number of days from work, and had used up all sick leave, annual leave, and compensatory leave allowed. On or about February 23, 1986, he indicated to the employer that he had been in a car accident, was unable to report to work, and requested special leave without pay. Because of his previous attendance record, claimant was informed that his request would be denied, and if he did not return by that date, and was considered to have resigned.

CONCLUSIONS OF LAW: The Appeals Tribunal finds that claimant is considered to have left work within the meaning of TCA § 50–7–303(a)(1) when he stopped reporting for work after February 23, 1986. As there is no medical evidence of his need to be off work, the Appeals Tribunal finds that he has not satisified the medical exception provisions of TCA § 50–7–303(a)(1) and is not now eligible for unemployment benfits under that section of the statute. The Agency decision which denied this claim is modified.

DECISION: The claimant is not eligible for unemployment benefits under TCA § 50–7–303(a)(1). The claim is denied as of the date of filing and until claimant qualifies for benefits in accordance with the Tennessee Employment Security Law.

Yates appealed this decision to the Board of Review pursuant to T.C.A. § 50–7–304(e)(1) which provides:

(e)(1) Board of Review. The board of review may on its own motion affirm, modify, or set aside any decision of an appeals referee on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further ap-

peals before it. The board of review shall permit such further appeal by any of the parties interested in a decision of an appeals referee. The board of review may remove to itself or transfer to another appeals referee proceedings of any claim pending before an appeals referee. Any proceedings so removed to the board of review shall be heard by a quorum thereof, in accordance with the requirements in subsection (c) of this section. The board of review shall promptly give written notice to all interested parties of its findings and decision. Any decision of the board of review shall be the final decision of the commissioner.

The decision of the Board of Review pertinent to the appeal in this case states:

This claimant filed an initial claim for unemployment compensation on March 28, 1986. On June 10, 1986, the Agency disallowed the claim under TCA 50–7–303(a)(2)(B). The claimant filed an appeal to the Appeals Tribunal on June 24, 1986. After due notice to all interested parties, a hearing was scheduled on this case at Memphis, Tennessee, on July 17, 1986, at which time the claimant testified. Representing the claimant was C. Dean Maitland, Paralegal. The employer was represented by Mr. Jack Salisburg. By decision dated July 23, 1986, the Appeals Tribunal modified the Agency's decision and disallowed the claim under TCA 50–7–303(a)(1). From this decision the claimant filed an appeal to the Board of Review on August 1, 1986. Although requested by the claimant, no further hearing was scheduled before the Board of Review in that the claimant's request for an additional hearing does not contain a description of statement of any evidentiary matters and offers no new material evidence not already a part of the record.

FINDINGS OF FACT: Based upon the entire record in this cause, the Board of Review finds the Appeals Tribunal correctly found the facts and applied the law. We hereby adopt the findings of fact and decision of the Appeals Tribunal but the same need not be copied herein for the purpose of our decision.

CONCLUSIONS OF LAW: After considering the entire record, the Board of Review finds no error in the decision of the Appeals Tribunal which disallowed this claim under TCA 50–7–303(a)(1).

DECISION: The decision of the Appeals Tribunal, which disallowed this claim under TCA 50–7–303(a)(1), is in all things and matters affirmed.

Yates filed a petition for certiorari in the Chancery Court for review of the Commissioner's final decision. The Chancellor dismissed the petition for certiorari and affirmed the Commissioner's final decision which resulted in this appeal. We will now consider the issues.

*Issue 1.* Whether Yates was denied due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution, and Article I, Section 8, Constitution of Tennessee.

Yates first asserts that he was not given an opportunity to rebut the information provided by the employer when the initial agency decision was made. He next asserts that he was not given adequate notice as to the issues to be addressed at the Appeals Tribunal hearing on July 17, 1986.

■ The initial determination regarding a claim for unemployment benefits may be made by an agency representative, but there is an unqualified right of appeal which affords "all interested parties reasonable opportunity for [a] fair hearing." T.C.A. § 50–7–304(c)(1) (1987 Supp.). The record reflects without contradiction that Yates was notified of the issues to be presented at the appeals hearing. At the hearing he claimed no surprise or lack of preparation to meet the issues nor did he seek a continuance. The hearing did not go beyond the issues stated in the notice, and the decision of the Appeals Tribunal was not based on any facts outside the issues noticed. Yates was given notice and had an opportunity to be heard. This satisfies the minimal requirements of due process. *Terrazas v. Riggs,* 612 S.W.2d 461 (Tenn.App.1980) *cert. denied* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). We find this issue without merit.

*Issue 2.* Whether the Board of Review's decision is supported by substantial and material evidence.

Yates contends that there is no material and substantial evidence that he voluntarily quit his job. He asserts that his employer knew that he had been involved in an automobile accident and that that was the reason he was not working. The record reflects that Department of Personnel Rule 1120–2–2–.13(4) states that any employee who fails to report to duty within two business days after the expiration of any authorized leave of absence shall be considered as having resigned not in good standing. Yates was notified of this rule and told to report to work on March 1, 1986, or the rule would be invoked. Although Yates had informed his supervisor that he had been involved in an accident, no medical evidence was presented prior to the March 1st date designated for his return to work. It is clear that Yates did not return to work as instructed and the evidence supports the finding that Yates did not comply with the personnel rule requiring his return to work.

The Board's ruling disqualifying Yates for benefits was based upon T.C.A. § 50–7–303(a)(1) (1987 Supp.) which we quote in pertinent part:

50–7–303. *Disqualifcation for benefits.* —(a) Disqualifying Events. A claimant shall be disqualified for benefits:

(1) If the commissioner finds that he has left his most recent work voluntarily without good cause connected with his work. Such disqualification shall be for the duration of the ensuing period of unemployment and until he has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and was paid wages thereby ten (10) times his weekly benefit amount. No disqualification shall be made hereunder, however, if such claimant presents evidence supported by competent medical proof that he was forced to leave his most recent work because he was sick or disabled and notified his employer of that fact as soon as it was reasonably prac-

tical to do so, and returned to that employer and offered himself for work as soon as he was again able to work, and to perform his former duties.

As medical evidence, Yates introduced and relies upon a certificate from his physician, Dr. Alex Sanford, which we quote:

This is to certify that the above-named patient was examined by me on March 3, 1986. His condition is such that he will be unable to return to work until March 10, 1986.

Yates asserts that he should not be considered to have voluntarily left his work because he furnished competent medical proof as required by the statute. We note, however, from examining the certificate furnished, that Yates saw Dr. Sanford on March 3, 1986, which was subsequent to the date that Yates was instructed to report for work. Furthermore, the certificate does not describe any condition or make any diagnosis, nor does it in any way indicate the nature of disability. In our view, the proof established by this certificate does not measure up to "competent medical proof."

The scope of review of the trial court and of this court is set forth in T.C.A. § 50–7–304(i)(2) (1987 Supp.):

(2) The chancellor may affirm the decision of the board of review, or he may reverse, remand, or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(A) In violation of constitutional or statutory provisions;

(B) In excess of the statutory authority of the agency;

(C) Made upon unlawful procedure;

(D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(E) Unsupported by evidence which is both substantial and material in the light of the entire record.

The court is prohibited from substituting its judgment for that of the Board of Review as to the weight of the evidence on questions of fact. T.C.A. § 50–7–304(i)(3)

(1987 Supp.). This Court stated in *Sabastian v. Bible,* 649 S.W.2d 593, 594–95 (Tenn.App.1983):

In order to sustain the Board of Review's application of the provisions of the statute, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in a judicial proceeding. The reviewing court's function is severely limited. All that is needed to support the commission's interpretation is that it has warrant in the record and a reasonable basis in law. *Cawthron v. Scott,* 217 Tenn. 668, 670, 400 S.W.2d 240, 242 (1966).

From our examination of the entire record, we find substantial and material evidence to support the decision of the Board of Review that Yates voluntarily left his employment as provided in T.C.A. § 50–7–303(a)(1) (1987 Supp.).

The judgment of the trial court is affirmed, and costs of appeal are assessed against the appellant.

HIGHERS and FARMER, JJ., concur.